## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

MADERO POUNCIL,                           No. CIV S-09-1169-LKK-CMK-P

    Plaintiff,

  vs.                                   FINDINGS AND RECOMMENDATIONS

JAMES TILTON, et al.,

    Defendants.

_____/

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action. Pending before the court are: (1) Plaintiff's "Ex Parte Motion Plaintiff for Order Directing Officials to Return Confiscated Religious Materials" (Doc. 12); (2) defendants' motion to dismiss (Doc. 18); and (3) defendants' request for judicial notice (Doc. 21).

## I.  BACKGROUND

    Plaintiff brings this civil rights action pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA") alleging that defendants have instituted a policy which imposes a substantial burden on the practice of his religion. Plaintiff, who is Muslim, is serving a sentence of life without the possibility of parole. According to plaintiff, central tenets of his

1

faith require that he marry, that he consummate the marriage, and thereafter maintain a sexual relationship with his wife.  Plaintiff states that defendants have implemented a regulation which prohibits "intimate time (family visiting) for Muslim inmates serving a life without parole term. . . ."  He states that this makes it impossible for him to consummate his marriage and maintain a sexual relationship with his wife.  Plaintiff seeks an injunction prohibiting enforcement of the regulation.

## II.  DISCUSSION

Defendants argue, among other things, that plaintiff's complaint is time-barred. For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is California's statute of limitations for personal injury actions.  See Wallace v. Kato, 549 U.S. 384, 387-88 (2007); Wilson v. Garcia, 471 U.S. 261, 280 (1985); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  State tolling statutes also apply to § 1983 actions.  See Elliott v. City of Union City, 25 F.3d 800, 802 (citing Hardin v. Straub, 490 U.S. 536, 543-44 (1998)).

Before January 1, 2003, the statute of limitations for personal injury actions was one year.  See Cal. Code Civ. Proc. § 340(3); see also Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999) (citing Elliott, 25 F.3d at 802, and applying the one-year limitation period specified in § 340(3)).  The personal injury statute of limitation was extended by passage of California Code of Civil Procedure § 335.1 to two years, effective January 1, 2003.  See Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007) (citing Cal. Code Civ. Proc. § 335.1).  The extension of this statute of limitations does not apply retroactively to claims which were already barred under the one-year limitation period specified in § 340(3), plus any statutory tolling, as of the effective date of January 1, 2003.  See Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004) (citing Douglas Aircraft v. Cranston, 58 Cal.2d 462 (1962)).  However, the extended statute of limitations period provided for in § 335.1 is applicable to claims which are not yet barred.  See Lamke v. Sunstate Equip. Co., LLC, 387 F. Supp. 2d 1044, 1051-52 (N.D. Cal. 2004) (citing

Douglas, 58 Cal.2d at 465).

At the time Elliott was decided – 1994 – California Code of Civil Procedure § 352(a)(3) provided tolling of the statute of limitations when the plaintiff is "[i]mprisoned on a criminal charge, or in execution under sentence of a criminal court for a term of less than for life."[1] That tolling, however, only applies if the disability of incarceration existed at the time the claim accrued. See Elliott, 25 F.3d at 802 (citing Cal. Code Civ. Proc. § 357). Pre-conviction incarceration qualifies. See id. By the time Fink was decided – 1999 – the California tolling provision for the disability of incarceration had been amended. Specifically, California Code of Civil Procedure § 352.1, which became effective January 1, 1995, provides prisoners with only two years of tolling. See Fink, 192 F.3d at 914. Prior to the effective date of § 352.1, prisoners enjoyed tolling for the entire time of sentences less than life. See id. The Ninth Circuit in Fink concluded that § 352.1 applies retroactively. See id. at 915. Thus, for § 1983 claims which accrued before January 1, 1995, the running of the statute of limitations is tolled for two years, or until January 1, 1997, whichever is later. See Fink, 192 F.3d at 916.

The applicable statute of limitations is further tolled while a prisoner completes the exhaustion process mandated by the Prison Litigation Reform Act ("PLRA"). See Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005). In Brown, the Ninth Circuit observed that "a prisoner may *not* proceed to federal court while exhausting administrative remedies," and that "awaiting the completion of a staff misconduct investigation could, absent some adjustment, endanger the prisoner's ability to file his court complaint within the limitations period." Id. at

/ / /

/ / /

---

[1] "The California courts have read out of the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling." Jones v. Blanas, 393 F.3d 918, 928 n.5 (9th Cir. 2004) (citing Grasso v. McDonough Power Equipment, Inc., 70 Cal. Rptr. 458, 460-61 (Cal. Ct. App. 1968) (holding that a prisoner serving a life sentence is entitled to the benefit of tolling)), Martinez v. Gomez, 137 F.3d 1124, 1126 (9th Cir. 1998). Thus, the length of the sentence is irrelevant.

942. The court added:

> We also note that, again like all the other circuits that have considered the question, "we refuse to interpret the PLRA so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances."

Id. at 943 n.18 (quoting Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002), Jernigan v. Stuchell, 304 F.3d 1030 (10th Cir. 2002), Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001), and Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (per curiam)).

In cases where the plaintiff alleges ongoing violations, claims outside the limitations period which relate to claims within the limitations period may nonetheless be actionable under the continuing violation doctrine. In an employment discrimination case, the Supreme Court stated that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). However, where the plaintiff asserts claims resulting from an alleged ongoing policy of discrimination, the continuing violation doctrine applies. See Gutowsky v. County of Placer, 108 F.3d 256, 259-60 (9th Cir. 1997). In Gutowsky, the plaintiff had alleged "that the widespread policy and practices of discrimination of which she complains continued every day of her employment, including days that fall within the limitation period." Id. at 260. Thus, there needs to be an allegation that the specific acts alleged are instances of some broader policy. See id.; see also Cholla Ready Mix Co. v. Civish, 382 F.3d 969, 974-5 (9th Cir. 2004) (citing Morgan, 536 U.S. at 113-14).

Defendants are correct that a claim accrues for statute of limitations purposes either when the injury occurs or when the plaintiff has reason to know of the injury forming the basis of the claim. See Elliot, 25 F.3d at 805. According to defendants, plaintiff's claim accrued in this case in 2002 which is when plaintiff first filed an inmate grievance concerning conjugal family visitation. Defendants have presented the court with copies of documents relating to plaintiff's 2002 grievance. Specifically, defendants' evidence indicates that plaintiff filed a grievance on March 26, 2002, complaining that he was being improperly denied conjugal family

1  visitation. Defendants conclude that, because this action was not commenced until 2009, it is

2  time-barred under any applicable statute of limitations.

3  Plaintiff argues that any claim accrued only after he re-married in 2007.[2]

4  According to plaintiff, this action relates to matters addressed in a 2008 inmate grievance, which

5  challenged amended regulations relating to conjugal visits. Plaintiff argues:

> Defendants attempt to mislead this Court. They intentionally cite plaintiff's administrative appeal from 2002 as if it was of any consequence or weight. . . . This claim accrued after plaintiff remarried in 2007 and exhausted the appeal . . . 2008. Plaintiff had no claim while he remained unmarried, and his claim arose again once he remarried.
> The regulation challenged in this action was amended by defendants November 15, 2007 (citation omitted). Therefore, plaintiff's claim did not run afoul of any statute of limitations.

11  Plaintiff concludes as follows: "Here, the cause of action arose only after defendants amended

12  the regulation, denied the administrative appeal, and after plaintiff remarried." In their reply

13  brief, defendants assert: (1) while the regulation at issue was amended in 2007, the policy

14  relating to conjugal visits for life inmates has been unchanged since 1996; (2) plaintiff cannot

15  artificially create a new accrual date by filing a new inmate grievance; and (3) the continuing

16  violation doctrine does not apply.

17  Turning first to the issue of amendment of the regulation, the court agrees with

18  defendants that the 2007 amendment referenced by plaintiff in his opposition has no bearing on

19  the accrual analysis because the portion of the regulation which prevents plaintiff from conjugal

20  family visitation has been in place unchanged since 1996. Because the portion of the regulation

21  plaintiff is challenging in this action was not affected by the 2007 amendment, such amendment

22  has no bearing on when plaintiff knew or should have known that he had a claim challenging

---

[2] Defendants ask the court to take judicial notice of marriage certificates indicating that plaintiff was married on September 16, 1999, and re-married on July 14, 2007. The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). The request for judicial notice should be granted.

family visitation rule for life inmates.

Next, as to plaintiff's argument that any claim could not have accrued until after he re-married, the court is not persuaded. Plaintiff's claim, in essence, is a constitutional challenge to the prison regulation prohibiting life inmates from conjugal family visitation. This rule remains the same and applicable to plaintiff without regard to whom he is married at the time. Thus, plaintiff's claim is not tied to a particular spouse. Rather, it is tied to a particular regulation which, as discussed above, has remain unchanged since 1996. Plaintiff knew from his experience in 2002 seeking conjugal visitation with his first wife that he would not be allowed conjugal visitation with any wife so long as he remained classified as a life inmate. His re-marriage did not change this fact. As defendants note:

> Here, the determination in 2002 that Plaintiff is not eligible for the privilege of conjugal visitation due to his sentence of LWOP is the discrete act adverse to him. So the limitations period began running against him at that time, rather than on the date he felt the effects of the order with regard to his most recent wife.

Finally, the court addresses applicability of the continuing violation doctrine. The court finds that any denial of conjugal visitation with plaintiff's second wife is an effect of the regulation plaintiff originally challenged in 2002 when he sought conjugal visitation with his first wife. See Knox v. Davis, 260 F.3d 1009 (9th Cir. 2001). There are no facts – other than denial of conjugal visitation – which could relate the two.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendants' request for judicial notice (Doc. 21) be granted;

2. Defendants' motion to dismiss (Doc. 18) be granted;

3. All other pending motions be denied as moot; and

4. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 15 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 18, 2010

*[signature]*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE