IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADERO POUNCIL,<br><br>    Plaintiff,<br><br>    vs.<br><br>JAMES TILTON, et al.,<br><br>    Defendants.<br>_____/ | No. CIV S-09-1169-LKK-CMK-P<br><br><br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California Local Rules.

    On February 19, 2010, the Magistrate Judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Petitioner has filed objections to the findings and recommendations.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, this court declines to adopt the findings and recommendations.

1

Defendants move to dismiss plaintiff's claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Plaintiff alleges that defendants have violated RLUIPA by refusing to allow plaintiff conjugal visits as required by his Muslim faith. This court declines to adopt the Magistrate's finding that plaintiff's RLUIPA claim accrued in 2002 and is time barred, and accordingly addresses the defendant's other arguments for dismissal.[1]

## BACKGROUND

Since 1996, the California Department of Corrections and Rehabilitation ("CDCR") has implemented a regulation prohibiting family visits for specific categories of inmates, including those sentenced to life terms without the possibility of parole. 15 CCR § 3177(b)(2); see Pro-Family Advocates v. Gomez, 46 Cal. App. 4th 1674, 1682 (1996). In 2000, Congress enacted RLUIPA which provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability," unless the government demonstrates that the burden is "in furtherance of a compelling governmental interest" and is "the least restrictive means of furthering that . . . interest." 42 U.S.C. § 2000cc-1(a). Both § 3177(b)(2) and RLUIPA were in effect at all times relevant to this case.

Plaintiff is a Muslim prisoner serving a life sentence without the possibility of parole. Compl. 4. Plaintiff believes that marriage is one of the most important institutions in Islam. Id. According to plaintiff, it is incumbent upon members of his faith to be married, to consummate their marriage, and to have children with their spouse. Id.; Opp. 7. In March 2002, while plaintiff was married to his now ex-wife, plaintiff requested conjugal visits. Exh. A. A prison official denied plaintiffs' request pursuant to 15 CCR § 3177(b)(2), based on his status as a prisoner serving life without parole. Exh. A. Plaintiff filed a grievance alleging that he had been

---

[1] It appears to the court that plaintiff seeks to bring claims under the Fourteenth and Eighth Amendments. Compl. 4. Because defendants do not move to dismiss on these grounds, the court does not consider the merits of these claims.

improperly denied conjugal visits. Opposition 4 ("Opp."); Defendants Motion to Dismiss 4 ("Mtd."). The grievance was denied on May 28, 2002. Exhb. A. In April 2006, defendant Tilton became the acting Secretary of the CDCR, and later assumed the position of Secretary in September, 2006. Exh. B. Tilton retired in 2008, and was replaced by Matthew Cate, the current Secretary of the CDCR.

Plaintiff subsequently divorced, and was remarried on July 14, 2007. Opp. 4; Reply 4. On July 21, 2008, plaintiff submitted a family visiting application.[2] It is unclear whether this request included a request for conjugal visits with plaintiff's wife, but defendants do not contest whether such a visit was incorporated in plaintiff's request. On August 1, 2008, this request was denied because LWOP inmates are not permitted family visits pursuant to "CCR 3177(b)(2). Plaintiff subsequently challenged the application of 15 CCR § 3177(b)(2) through an administrative appeal on August 4, 2008. Mtd. 4; Opp. 3. The appeal was denied on December 9, 2009. Opp. 3. Plaintiff subsequently filed a complaint pro se on April 29, 2009 alleging violations of RLUIPA premised on the CDCR's refusal to allow him conjugal visits as required by his faith, which defendants now move to dismiss. Plaintiff labels his complaint "Civil Rights, Act 42 USC § 1983," and specifically alleges violations of RLUIPA. Compl. 1, 4. Mindful that plaintiff proceeds pro se, see generally Erickson v. Pardus, 551 U.S. 89, 94 (2007), this court liberally construes plaintiff's complaint as a suit under § 1983 alleging violations the First Amendment and under RLUIPA.

## ANALYSIS

1.   Accrual of Plaintiff's Claim

Federal law determines when a cause of action accrues, and the statute of limitations begins to run, for Section 1983 actions. Wallace v. Kato, 549 U.S. 384, 388 (2007). Under federal law, accrual occurs when the plaintiff has a complete and present cause of action, and

---

[2] The court notes that it is difficult to read the date of plaintiff's family visiting application, and provides its best estimate of the date.

may file a suit to obtain relief. Id. (intervening citations omitted); see also Kimes v. Stone, 84 F. 3d 1121, 1128 (9th Cir. 1996) ("Under federal law 'the limitations period accrues when a party knows or has reason to know of the injury' which is the basis of the cause of action.") (quoting Golden Gate Hotel Ass'n v. San Francisco, 18 F. 3d 1482, 1485 (9th Cir. 1994)). RLUIPA has a four year statute of limitations. See 28 U.S.C. § 1658(a) (establishing a four year statute of limitations for federal civil actions enacted after 1990); 42 U.S.C. § 2000cc-2 (RLUIPA enacted in 2000 without specific statute of limitations); see also Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004) (four-year statute of limitations applies to claims "made possible by a post-1990 enactment"). 42 U.S.C Section 1983 provides a cause of action against any person who, acting under color of state law, abridges rights created by the laws of the United States. The statute of limitations for section 1983 actions is adopted from the forum state's limitations period for personal injury actions. Maldonado v. Harris, 370 F. 3d 945, 954 (9th Cir. 2004). In California, a two year limitations period for personal injury actions was established on January 1, 2003. Id.

    Here, plaintiff's complaint does not allege an injury from the denial of his request for conjugal visits with his ex-wife in 2002. Rather, plaintiff alleges an injury from the denial of his request for conjugal visits with his current wife on August 1, 2008. The Seventh Circuit has observed that the date on which a plaintiff learns that a rule might violate RLUIPA is not the date on which their claim accrues, because "[m]ere knowledge of the existence of an invalid law that might be applied to one is not an injury, and a tort claim does not arise until there is an injury." Petra Presbyterian Church v. Village of Northbrook, 489 F.3d 846, 849-50 (7th Cir. 2007); contra Henderson v. Hubbard, 2010 WL 599886 (F&R, E.D Cal., S. Snyder) (finding that the statute of limitations for plaintiffs' RLUIPA claim accrued in 1998, when plaintiff first challenged § 3177(b)(2) and "became aware of the reason his conjugal visits were denied", and not in 2006, when he challenged the policy again) (adopted in full by O. Wanger). Plaintiff's 2008 denial constituted an individual, actionable injury upon which plaintiff has standing to bring suit. As

such, plaintiff's cause of action accrued when his request was denied, August 1, 2008. The two year statute of limitations of Section 1983 will have run in August 2010; the four year statute of limitations for plaintiff's RLUIPA claim will have run in August 2012.[3] Plaintiff filed this claim on April 29, 2009. Accordingly, plaintiff's claim is not barred by the statute of limitations. California law provides tolling for the statute of limitations for up to two years based on the disability of imprisonment regardless of the sentence, see generally Jones v. Balanas, 393 F.3d 918, 928 n.5 (9th Cir. 2004) , and while exhausting prison remedies mandated by the Prison Litigation Reform Act ("PLRA"). See Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005).

2.   Proper Defendant

Defendants assert that plaintiff has not properly stated a claim against either defendant Tilton or defendant Foston. According to defendants, the plaintiff must specify which action defendants took to violate his rights. For the reasons discussed below, plaintiff has properly stated a claim against defendant Tilton. Plaintiff's claim against Foston, however, is dismissed.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law, and resulted in a deprivation of a person's rights, privileges, or immunities as secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). A suit against a state official in their official capacity is a suit against the official's office. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Defendants are correct in that plaintiff's complaint lacks factual allegation regarding defendants Tilton and Foston. Compl. 4. In plaintiff's Opposition, however, he specifies that Tilton, as Secretary of the CDCR, and Foston, as a captain of the CDCR, were responsible for enforcing and advancing the complained of prison rules. Opp. 4. A plaintiff seeking injunctive

---

[3] The court notes that plaintiff is entitled to tolling while he exhausts administrative procedures. This tolling extends from the date of his appeal of the denial of his request, August 13, 2008, to the date of the director's level appeal decision, December 9, 2008. This tolling, however, is not relevant here where plaintiff has timely filed his complaint absent tolling.

relief against a state agency must do so against a person in their official capacity. <u>Rouse v. Washington State Dept. of Corrections</u>, No. C08-5620 FDB, 2009 WL 1011623, at *3-4 (F. Burgess, W.D. Wash). Plaintiff challenges a CDRC policy and requests injunctive relief. The proper defendant for plaintiff's request for injunctive relief regarding the implementation of CDRC policy would be the secretary of the CDRC, defendant Tilton, in his official capacity. <u>See Rouse</u> at *4. Since Tilton has retired, Cate is properly substituted for him. Accordingly, defendant Cate is not entitled to dismissal on these grounds. For the same reason, defendant Tilton's argument that he is entitled to dismissal because he could not have "caused" the claimed violation to plaintiff's rights lacks merit. Moreover, this argument is premised on an incorrect 2002 accrual date.

However, plaintiff cannot sate a claim against Defendant Foston for the same reasons. Defendant Foston's role was limited to the grievance process, and Foston is in no position to implement the injunctive relief requested by plaintiff. Inasmuch as plaintiff seeks to enjoin the enforcement of a CDCR policy, defendant Cate, not Foston, is the proper defendant. <u>See id.</u> Accordingly, the claim against Foston is dismissed.

3.   Plaintiff's RIULPA Claim

Finally, defendants argue that plaintiff has not stated a claim under RLUIPA, because plaintiff's own evidence demonstrates that his inability to consummate his marriage while incarcerated is not a substantial burden on his religious exercise. A plaintiff who brings a claim under RLUIPA bears the burden of showing (1) that he seeks to engage in an exercise of religion and (2) that the challenged practice substantially burdens that exercise. 42 U.S.C. § 2000cc-2(b)(2000). "Religious exercise" includes an exercise of religion, whether or not compelled by, or central to, a system of religious belief. 42 U.S.C. § 2000cc-5(7)(A) (2000). A "substantial burden" on the free exercise of religion is one that forces adherents of a religion to modify behavior, to violate beliefs, or to choose between forfeiting governmental benefits and abandoning a religious precept. <u>Lovelace v. Lee</u>, 472 F.3d 174, 187 (4th Cir. 2006).

1    Defendant's argue that plaintiff's assertions in his complaint that, "The consumption of
2 the marriage can be delayed by mutual agreement and is, therefore, no issue in the validity of the
3 marriage", Compl. 9, 26, contradicts his other allegations and entitles the defense to dismissal.
4 The court finds no contradiction. Plaintiff, serving life without parole, alleges that his deeply held
5 religious beliefs require him to fulfill his marital obligations to his wife through consummation
6 and "sexual relations . . . on a regular basis." Reply 3, 6. Though plaintiff's own evidence may
7 suggest such an obligation could be delayed, plaintiff is serving life without parole, and there is
8 no indication that non-consummation would not call into doubt the validity of his marriage.

9    Few courts have been called upon to determine whether a ban on conjugal visits violates
10 RLUIPA. See, generally, Lindell v. Casperson, 360 F. Supp. 2d 932 (W.D.Wis. 2005) (granting
11 summary judgment in favor of defendants where plaintiff's alleged that as a Wiccan he had a
12 sincerely held belief that his religion required conjugal visits). However, this court must only
13 determine if plaintiff has stated a claim under RLUIPA. Here, plaintiff asserts a deeply held
14 religious belief that it is imperative for a Muslim to marry, and to consummate the marriage.
15 Compl. 4. Granting the plaintiff all permissible allowances, plaintiff claims that his marital
16 relationship implicates the practice of his religion. Moreover, plaintiff has claimed that the policy
17 of the CDCR substantially burdens this exercise of religion by outright forcing him to abandon
18 this religious precept. Accordingly, plaintiff has stated a claim under RLUIPA.[4]

19 4.    Exhaustion

20    In their reply brief, defendants argue that plaintiff's claim should be dismissed because he
21 did not properly exhaust his administrative remedies. Plaintiff filed a letter after receipt of this
22 reply concerning the new argument. The court interprets this letter as a sur-reply, and addresses
23 the merits of defendant's argument.

24    Defendants argue that plaintiff's claim is not properly exhausted because he remarried in

---

[4] The court recognizes, however, that defendants may have strong defenses to this claim.

1  July 2007, but did not file his administrative appeal until August 13, 2008. Defendant contends
2  that plaintiff must have filed his grievance within fifteen days of his marriage, and not within
3  fifteen days of the denial of his request for a conjugal visit. However, as defendants note,
4  plaintiffs may appeal "any departmental decision" within fifteen working days of such decision.
5  Cal. Code Regs., tit. 15, §§ 3084.1(a), 3084.2(c), 3084.6(c). Plaintiff, here, is appealing the
6  departmental decision denying his request for a conjugal visit. Plaintiff's exhibits demonstrate
7  that the denial of his request for a conjugal visit occurred on August 2, 2008. These exhibits
8  further demonstrate that plaintiff appealed this decision, and received a director's level appeal
9  decision on December 9, 2008. Plaintiff then filed this complaint on April 29, 2009, well within
10 the four year statute of limitations for RLUIPA and the two year statute of limitations for Section
11 1983. Defendants have not presented any evidence that these exhibits do not accurately reflect
12 the dates of plaintiff's administrative appeals of their decision. For these reasons, defendants'
13 motion to dismiss on the grounds of exhaustion is denied.

15  Accordingly, IT IS HEREBY ORDERED that:
16  1.    The court declines to adopt the findings and recommendations, Doc. No. 25.
17  2.    Defendants' motion to dismiss, Doc. No. 18, is denied as to Defendant Cate, who
18        the court properly substitutes for named Defendant Tilton.
19  3.    The motion to dismiss, however, is granted as to Defendant Foston.
20  IT IS SO ORDERED.
21  DATED: March 30, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

8