UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MADERO POUNCIL,

                                  NO. CIV. S-09-1169 LKK/CMK P

      Plaintiff,

  v.

                                    O R D E R

JAMES TILTON, et al.,

      Defendant.

                              /

     On April 9, 2010, defendants requested that this court certify its order denying in part their motion to dismiss for appeal to the Ninth Circuit. On April 19, 2010, the court denied the request as to all questions except whether plaintiff's claims are barred by the statute of limitations. The court ordered plaintiff to file an opposition to defendants' request as to the remaining question within forty-five days. On May 15, 2010, plaintiff filed an opposition to defendants' request.[1] On May 24, 2010, defendants

---

[1] Plaintiff states in his opposition that he is unable to review Henderson v. Hubbard, 2010 WL 599886, 1:08 CV 01632 OWW YNP

1

1 filed a reply brief in support of their request.

2 The court has considered the memoranda filed in this case, and
3 CERTIFIES for interlocutory appeal the question of whether
4 plaintiff's claims are barred by the statute of limitations to the
5 Ninth Circuit Court of Appeals.

6 IT IS SO ORDERED.

7 DATED:  June 9, 2010.

```
                          _____
                          LAWRENCE K. KARLTON
                          SENIOR JUDGE
                          UNITED STATES DISTRICT COURT
```

---

SMS (PC) (E.D. Cal. Feb. 18, 2010), an unpublished case. The court grants defendant's request for interlocutory appeal largely due to this opinion, which is in disagreement with this court's order. Under the current version of E.D. Cal. Local Rule 133(i)(3), parties are no longer required to attach unpublished decisions that are available on Westlaw or Lexis to their memoranda of law. While this amended rule is reasonable in the court's general civil practice, it appears to cause significant burden on pro se prisoners who lack access to Westlaw or Lexis. Because the court certifies the question for appeal in large part because of the difference of opinion on the question, the court attaches the Henderson opinion to this order in the interests of fairness.