1

2

3

4

5

6

7

8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  MADERO POUNCIL,                          No. 2:09-CV-1169-LKK-CMK-P

12              Plaintiff,

13        vs.                              FINDINGS AND RECOMMENDATIONS

14  M. MARTEL, et al.,

15              Defendants.

16  _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action.

18  Pending before the court is plaintiff's request for injunctive relief (Doc. 12).

19              The legal principles applicable to requests for injunctive relief, such as a

20  temporary restraining order or preliminary injunction, are well established.  To prevail, the

21  moving party must show that irreparable injury is likely in the absence of an injunction.  See

22  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res.

23  Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser

24  standard by focusing solely on the possibility of irreparable harm, such cases are "no longer

25  controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,

26  1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is

1

likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

In this case, plaintiff seeks an order requiring prison officials to return confiscated materials, including religious materials. Ignoring for the moment that plaintiff does not seek injunctive relief as against any named defendant, plaintiff's motion must be denied because he has not alleged that any irreparable injury would occur if his materials were not returned.

Based on the foregoing, the undersigned recommends that plaintiff's motion for injunctive relief (Doc. 12) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  February 20, 2013

                                          _____
                                          **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE