IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADERO POUNCIL, | No. 2:09-CV-1169-LKK-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| M. MARTEL, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 21, 2013, the Magistrate Judge issued findings and recommendations (ECF No. 39), recommending that plaintiff's ex parte motion for injunctive relief (ECF No. 12) be denied.

The findings and recommendations were served on all parties and contained notice that the parties could file objections within fourteen days. None were filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the

1

court declines to adopt the findings and recommendations in this case for the reasons provided below.

The gravamen of plaintiff's complaint is that prison officials, by denying him conjugal visits with his wife, are unlawfully violating a core tenet of his Islamic faith.

On March 31, 2010, the court issued an order finding, *inter alia*, that the applicable statute of limitations began to run on the date in 2008 when his request for a conjugal visit with his second wife was denied, and therefore, plaintiff's claims were not time-barred. (ECF No. 27.) Plaintiffs had urged the adoption of an earlier accrual date in 2002, when prison officials had denied plaintiff's request for conjugal visits with his first wife. On appeal, the Ninth Circuit affirmed the court's ruling. Pouncil v. Tilton, 704 F.3d 568 (9th Cir. 2012).

As a result of the appeal, this action was stayed from September 15, 2010 to February 21, 2013. (ECF Nos. 35, 38.)

The instant findings and recommendations concern an earlier ex parte motion, filed in June 2009, seeking an order compelling the return of confiscated religious materials. (ECF No. 12.) It reads, in pertinent part:

> Today, under special authority from Correctional Sergeant Green, at Mule Creek State Prison, Correctional Officer Baker was sent around to all [M]uslim inmates with instructions to take photographs of their bodies and to confiscate all of their religious materials; including the holy Qur'ans.
>
> Not only is this an inconvenience, but a great disrespect to all practicing [M]uslims, and a direct violation of the RLUIP Act[1], and our basic fundamental rights under this Act. This hurts me in every way, and the case I have before the court, because "All Religious Materials" also means my research and facts that I once had to rely on to litigate my case in this action. Those other [M]uslims that have helped me can no longer help me search and find written documentation that can soundly factualize [*sic*] my case because their literature has been confiscated also. So no longer am I being afforded an equal and fair chance to present and defend my claims, but basically I have been blinded. (Id.)

Attached to the motion is a document entitled "STANDARD CELL SEARCH." Under the

---

[1] The court infers that this is a reference to the Religious Land Use and Institutionalized Persons Act, Pub. L. 106-274, 114 Stat. 803 (2000) (hereinafter "RLUIPA").

2

1  heading "CONFISCATED CONTRABAND" appears the statement, "ALL RELIGIOUS
2  MATERIAL BELONGING TO [illegible] POUNCIL." This document appears to be signed by a
3  correctional officer. (Id.)
4      Also pending in this matter are the following:
5      • Defendants' request for clarification regarding the court's prior order and request
6         for leave to file a motion to dismiss. (ECF No. 41.)
7      • Defendants' motion for an extension of time to file an answer. (ECF No. 43.)
8      • Plaintiff's motion for an order to show cause why a preliminary injunction should
9         not issue enjoining the defendants (and various other parties) from preventing
10        inmates sentenced to life terms from having conjugal visits. (ECF No. 44.)
11     • Plaintiff's motion for appointment of counsel. (ECF No. 42.)
12 I turn now to the last of these motions.
13     In proceedings in forma pauperis, the court may request an attorney to represent any
14 person unable to afford counsel. 28 U.S.C. § 1915(e)(1). Appointment of counsel is a matter
15 within the discretion of the district court. U.S. ex rel. Gardner v. Madden, 352 F.3d 792 (9th Cir.
16 1965). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at
17 least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of
18 the plaintiff's ability to articulate his claims in light of the complexity of the legal issues
19 involved." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004)
20 (citing Wilborn v. Escalderon, 789 F.2d 1329, 1331 (9th Cir. 1986) (internal quotations
21 omitted)). "Neither of these factors is dispositive and both must be viewed together before
22 reaching a decision on request of counsel under section 1915(d)." Wilborn, 789 F.2d at 1331
23 (footnote omitted). Finally, appointment of counsel in cases where the plaintiff is seeking
24 damages may also be justified only in exceptional circumstances. See Gardner, 352 F.3d at 792.
25     This proceeding appears to meet all of the criteria for appointment of counsel. Plaintiff
26 has articulated nonfrivolous claims under the U.S. Constitution and RLUIPA; these claims in

turn raise important questions regarding the boundary between the free exercise of religious beliefs and correctional institutions' authority to regulate inmate activity. The issues presented are sufficiently complex that a pro se litigant (especially one who is incarcerated) will find it difficult to properly frame the legal arguments involved. The complexity of these issues is particularly salient because this case does not appear to involve disputed facts, and as such, is likely to be decided through motion practice. Proper presentation of legal issues will assist the court in making its determination. Finally, plaintiff's case for appointed counsel is bolstered by the fact that he is not seeking monetary damages.

Accordingly, it is hereby ordered that:

[1] The court DECLINES to adopt the findings and recommendations filed February 21, 2013 (ECF No. 39).

[2] Plaintiff's motion for appointment of counsel (ECF No. 42) is GRANTED. The Clerk of the Court, with the assistance of attorney Sujean Park, is DIRECTED to locate an attorney, admitted to practice in this court, who is willing to accept this appointment.

[3] The Clerk of the Court is also DIRECTED to substitute Jeffrey Beard, the current Secretary of the California Department of Corrections and Rehabilitation, for Matthew Cate, the Department's former Secretary, as a defendant herein.

[4] The referral of discovery to the Magistrate Judge remains in effect. The parties are DIRECTED to henceforth set all other law and motion practice for hearing before the undersigned.

[5] This matter and all pending motions are STAYED pending the appointment of plaintiff's counsel. Thereafter, the court will issue an order setting a status conference herein.

IT IS SO ORDERED.

DATED: April 1, 2013.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4