UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADERO POUNCIL, | No.  CIV. S-09-1169 LKK/CMK P |
| Plaintiff, | |
| v. | **ORDER** |
| JAMES TILTON, et al., | |
| Defendants. | |

Plaintiff Madero Pouncil is a state prisoner proceeding through counsel with this action raising claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and 42 U.S.C. § 1983.  Plaintiff claims violations of his statutory and constitutional rights protected by RLUIPA and the First and Fourteenth Amendments by virtue of the enforcement against him of a state prison regulation prohibiting conjugal visits for inmates serving a sentence of life in prison without possibility of parole (LWOP).  This matter is before the court on defendant Jeffrey Beard's motion to dismiss plaintiff's First Amended Complaint (FAC) pursuant to Fed. R. Civ. P. 12(b)(6).
////

1

## I. ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Plaintiff's first amended complaint, filed January 22, 2014 (ECF No. 71) contains the following allegations. Plaintiff is serving a sentence of LWOP presently at Mule Creek State Prison. FAC at 2. He is "a devout Muslim and has endeavored to live by the principles of his faith since converting in 1989." Id. at 4.

> As a Muslim, Plaintiff believes that it is important to marry and maintain a healthy marital relationship with his spouse. This relationship entails both an intimate physical connection as well as an intimate emotional bound. Plaintiff believes that a husband and wife must engage in sexual relations to properly consummate their marriage. Additionally, the Muslim faith teaches and Plaintiff believes that maintaining proper sexual intimacy throughout the marriage is necessary to adequately satisfy both the spiritual and physical needs of each marital partner. A failure to do so is grounds for divorce.

Id.

In 1999, while in prison, plaintiff married his first wife. Id. at 5. In 2002, he requested conjugal visits. Id. The request was denied and plaintiff's administrative grievances were unsuccessful. Id. Plaintiff did not file a lawsuit over that denial of conjugal visits and he and his first wife subsequently divorced. Id. Plaintiff married his second wife on July 14, 2007. Id. at 5. In 2008, he submitted a family visiting application, which was denied pursuant to 15 C.C.R. § 3177(b)(2), which categorically bans overnight visits for certain categories of inmates, including those serving LWOP sentences. Id. He has exhausted administrative remedies. Id. at 6.

1    Plaintiff is only allowed one two hour non-contact visit
2 with his wife per week.  Id.  All physical contact is restricted,
3 and plaintiff "is prevented from showing his wife any physical
4 affection."  FAC at 6.  In prior litigation, defendants have
5 justified the categorical prohibition on the grounds of
6 institutional security.  Id. at 7.  The regulation "categorically
7 prohibits" plaintiff from having family visits with his wife
8 "without further assessment by prison officials to determine
9 whether [he] poses a security risk."  Id.  Before the regulation,
10 he "was free to engage in overnight contact visits with family
11 members and would have been eligible to engage conjugal visits
12 with a spouse at that time."  Id.  Nothing in plaintiff's prison
13 record except the categorical prohibition contained in the
14 regulation "would currently prohibit plaintiff from qualifying
15 for overnight contact 'family visits'."  Id.
16    Plaintiff claims that the regulation substantially burdens
17 the free exercise of his religious faith in violation of RLUIPA.
18 He also claims that the regulations deprive him of constitutional
19 rights of free exercise of religion, privacy, association and
20 marriage, as guaranteed by the First and Fourteenth Amendments.
21 Plaintiff seeks injunctive relief enjoining defendant from
22 depriving plaintiff of family visits and ordering defendant to
23 implement policies which protect the constitutional rights at
24 issue in enforcing 15 C.C.R. § 3177(b)(2).
25 **II. STANDARD**
26    A dismissal motion under Fed. R. Civ. P. 12(b)(6) challenges
27 a complaint's compliance with the federal pleading requirements.
28 Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short

3

and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant "'fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To meet this requirement, the complaint must be supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, this court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

"While legal conclusions can provide the framework of a complaint," neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth. Iqbal, 556 U.S. at 679. Iqbal and Twombly therefore prescribe a two-step process for evaluation of motions to dismiss. The court first identifies the non-conclusory factual allegations, and then determines whether these allegations, taken as true and construed in the light most favorable to the plaintiff, "plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

"Plausibility," as it is used in Twombly and Iqbal, does not refer to the likelihood that a pleader will succeed in proving the allegations. Instead, it refers to whether the non-conclusory factual allegations, when assumed to be true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557). A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

**III. ANALYSIS**

    **A. First Cause of Action -- RLUIPA**

Defendant seeks dismissal of plaintiff's RLUIPA claim, contending that plaintiff has failed to state a claim for relief because prison officials have a compelling interest in prison security and denying family visits to inmates serving LWOP sentences is the least restrictive means of furthering that security interest.

In opposition, plaintiff argues that in order to state a claim under RLUIPA he is only required to plead facts which show that he is seeking to exercise his religious teachings and the challenged state practice substantially burdens the exercise of his religious faith. Plaintiff contends that the security arguments advanced by defendant raise factual questions not properly resolved on a motion to dismiss.

"Section 3 of RLUIPA provides, in relevant part, that '[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability,' unless the government establishes that the burden furthers "a compelling governmental interest," and does so by "the least restrictive means.' [Footnote omitted.] 42 U.S.C. § 2000cc–1(a)(1)–(2)." Warsoldier v. Woodford, 418 F.3d 989, 994

(9th Cir. 2005).  To state a claim under RLUIPA, plaintiff "must allege facts plausibly showing that the challenged policy and the practices it engenders impose a substantial burden on the exercise of [his] religious beliefs."  Hartmann v. California Department of Corrections and Rehabilitation, 707 F.3d 1114, 1125 (9th Cir. 2013); see also Warsoldier, 418 F.3d at 994 (under RLUIPA, plaintiff has initial burden on "prima facie claim" that challenged regulation constitutes "a substantial burden on the exercise of his religious beliefs.")  Plaintiff has met his initial burden.

The justification for the regulation is a matter of proof rather than of pleading, and the burden of proving the justification is on the defendant.

> Under RLUIPA, prison officials bear the burden of establishing that the restriction challenged is the "least restrictive alternative to achieve" a compelling governmental interest. See Warsoldier, 418 F.3d at 998. "[N]o longer can prison officials justify restrictions on religious exercise by simply citing to the need to maintain order and security in a prison." Greene v. Solano County Jail, 513 F.3d 982, 989 (9th Cir.2008). They now must demonstrate that they "actually considered and rejected the efficacy of less restrictive measures before adopting the challenged practice." Warsoldier, 418 F.3d at 999.

Alvarez v. Hill, 518 F.3d 1152, 1156-57 (9th Cir. 2008); see also 42 U.S.C.§ 2000cc-1(a); 42 U.S.C. § 2000cc-2(b).

Defendant relies on two cases for the proposition that the regulation at issue is the least restrictive means of furthering the state's interest in prison security, Block v. Rutherford, 468 U.S. 576, 587 (1984) and Tuvalu v. Woodford, No. 2:04-cv-1724 JAM

6

KJM P. Neither involved a RLUIPA claim and neither analyzed the regulation at issue under the standards that apply to defendant's burden on the claim at bar.[1]

For the foregoing reasons, plaintiff has adequately stated a claim for relief under RLUIPA. Defendant's motion to dismiss will be denied as this claim.

**B.  Second Cause of Action**

Defendant also seeks dismissal of plaintiff's § 1983 cause of action, which is predicated on both the First and Fourteenth Amendment. Plaintiff claims his constitutional rights to free exercise of religion, marriage, privacy, and association are violated by his exclusion from the family visiting program. In so doing, he argues that he is relying on a hybrid of constitutional rights, including the exercise of his religion and his right to marry, and therefore that this case falls within the "hybrid rights" exception to the rule announced in Employment Division v. Smith, 494 U.S. 872 (1990).

In Smith, the United States Supreme Court held that the right to free exercise of religion "does not relieve an

---

[1] Defendant relies primarily on a state court decision, Pro-Family Advocates v. Gomez, 46 Cal.App.4th 1674 (Cal.App.1.Dist. 1996) for the proposition that the state's interest in prison security is the basis for the regulation. In relevant part, the question in Pro-Family Advocates was whether certain prohibitions on family visits, including for inmates serving LWOP sentences, violated the ex post facto clause, and the state court of appeal found that "[v]iewed as a whole, the evidence supports the conclusion that – although the regulation has a punitive effect and one of its purposes may be penal – it also has legitimate, nonpunitive government purposes" including "maintenance of institutional security". Pro-Family Advocates, 46 Cal.App.4th at 1684. Defendant has not briefed the question whether the doctrine of collateral estoppel precludes relitigation of the asserted basis for the regulation, and plaintiff contends he is entitled to conduct discovery on this question, see Pls. Opp. to Mot. Dismiss, filed April 7, 2014 (ECF No. 75) at 5. In any event, the basis for the ban is not a pleading requirement for plaintiff's RLUIPA claim.

7

1 individual of the obligation to comply with a valid and neutral
2 law of general applicability on the ground that the law
3 proscribes (or prescribes) conduct that his religion prescribes
4 (or proscribes)."  <u>Smith</u>, 494 U.S. at 879.

> <u>Smith</u>, however, excepts a hybrid-rights claim from its rational basis test. In Smith, the Court distinguished the strict scrutiny imposed in "hybrid situation[s]" in which a law "involve[s] not the Free Exercise Clause alone, but the Free Exercise Clause in conjunction with other constitutional protections." 494 U.S. at 881-82, 110 S.Ct. 1595.

<u>Miller v. Reed</u>, 176 F.3d 1202, 1207 (9th Cir. 1999).

For the hybrid-rights exception to apply, however, "a free exercise plaintiff must make out a 'colorable claim' that a companion right has been violated-that is, a 'fair probability' or a 'likelihood,' but not a certitude, of success on the merits."  <u>Id.</u> (internal citation omitted).  "[A] plaintiff does not allege a hybrid-rights claim entitled to strict scrutiny analysis merely by combining a free exercise claim with an utterly meritless claim of the violation of another alleged fundamental right or a claim of an alleged violation of a non-fundamental or non-existent right."  <u>Id.</u> at 1208.

"It is well-settled that prisoners have no constitutional right while incarcerated to contact visits or conjugal visits." <u>Gerber v. Hickman</u>, 291 F.3d 617, 621 (9th Cir. 2002) (en banc) (citing, <u>inter</u> <u>alia</u>, <u>Kentucky v. Department of Corrections v. Thompson</u>, 490 U.S. 454, 460 (1989)).  In <u>Gerber</u>, the Ninth Circuit held that "while the basic right to marry survives

8

1  imprisonment, . . ., most of the attributes of marriage –
2  cohabitation, physical intimacy, and bearing and raising children
3  – do not." Gerber, 291 F.3d at 621; cf. Overton v. Bazzetta, 539
4  U.S. 126, 131-32 (declining to decide whether the right to
5  intimate association survives incarceration; if it does, Turner
6  test applies).  Thus, plaintiff's contention that he has a
7  hybrid-rights claim subject to strict scrutiny must fail, because
8  the associated rights he is claiming, all of which are grounded
9  in the right to certain benefits of marriage, do not survive
10 incarceration.[2]

11     For the foregoing reasons, plaintiff's second cause of
12 action must be dismissed.

13     In accordance with the above, IT IS HEREBY ORDERED that:
14     1.  Defendant's February 5, 2014 motion to dismiss (ECF No.
15 74) is denied as to plaintiff's first cause of action and granted
16 as to plaintiff's second cause of action; and
17     2.  Within ten days from the date of this order defendant
18 shall file and serve an answer to the first cause of action in
19 plaintiff's first amended complaint.

20     DATED:  April 22, 2014.

                                    LAWRENCE K. KARLTON
                                    SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT

---

[2] Plaintiff does retain the First Amendment right to free exercise of his religious faith, but that right "is limited by institutional objectives and by the loss of freedom concomitant with incarceration." Hartmann, 707 F.3d at 1122 (citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987)).  To state a cognizable claim under the Free Exercise clause of the First Amendment, plaintiff must allege facts which show that the challenged regulation is neither valid nor neutral with respect to religion.  Plaintiff does not purport to bring a standard First Amendment free exercise clause claim, as distinct from his asserted hybrid rights claim.